FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 SEP 23 PM 2: 35

ENTERED U.S. DISTRICT COURT
N.D. OF ALABAMA

SEP 23 1997

```
ALTEC INDUSTRIES, INC.,      )
an Alabama corporation,      )
                             )
           Plaintiff,        )
                             )
     v.                      )   CIVIL ACTION NO. 96-G-1493-S
                             )
FUNERAL FINANCIAL SYSTEMS, LTD.,)
an Illinois corporation,     )
                             )
           Defendant.        )
```

MEMORANDUM OPINION

The facts in the above-styled case show that in mid-July 1997, Jennifer Segers, counsel for Funeral Financial Systems, Ltd. [hereinafter FFS], contacted Timothy Palmer, counsel for Altec Industries, Inc. [hereinafter Altec], to advise that FFS was "willing to walk away from the claim" if Altec was. Mr. Palmer dictated a letter dated July 21, 1997, confirming their conversation "in which you agreed that Funeral Financial would execute a release of any claim in favor of Altec and the plan and its fiduciaries in exchange for dismissal of this lawsuit. I have conveyed this offer to Altec and will provide you with a response this week." Defendant did not object, as indeed it would have had it perceived the writing to be a counteroffer.

Approximately a week later Mr. Palmer called Ms. Segers and accepted the offer on behalf of his client. They placed a

19

conference call to the court to report the case was settled on August 1, 1997. Thereafter, on August 15, 1997, the court's courtroom deputy called to inquire when the stipulation of dismissal would be filed. Following the call from the courtroom deputy Ms. Segers informed Mr. Palmer that her client had not reviewed the release documents. On August 22, 1997, Ms. Segers informed Mr. Palmer that her client wanted to proceed to trial: FFS objected to the release of Lucy Walker, the plan beneficiary, and to a dismissal without prejudice (provisions included in the first draft of the proposed formal settlement documents).

Frances King, associate of Mr. Palmer, called Ms. Segers on August 25, 1997, and advised her that Altec did not insist on the inclusion of Ms. Walker in the release or the dismissal of the case without prejudice. FFS still wanted to go to trial. At that point Ms. King advised Ms. Segers that Altec would petition the court to enforce the settlement agreement.

On August 28, 1997, Ms. Segers conveyed to Ms. King, that after further discussion wit h her client, FFS was not willing to settle. It planned to add Cigna Insurance Company [hereinafter Cigna] as a party to the litigation. Because of a conflict with Cigna, FFS's counsel planned to withdraw.

Plaintiff, thereafter, filed the motion to enforce the settlement agreement by which it asked the court to enforce the agreement reached between the parties and to dismiss the case with prejudice. Altec requested attorneys' fees incurred in connection with enforcement of the settlement. Both Ms. King and

Mr. Palmer have filed affidavits in support of the motion, as well as internal office memoranda; copy of the confirmation letter sent to Ms. Segers on August 1, 1997; copy of the July 21, 1997, letter to Ms. Segers confirming their telephone conversation and notifying her that FFS's offer had been conveyed to Altec; and a stipulation of dismissal for signature accompanied by a full release of all claims.

The court held a hearing on the motion September 5, 1997. Following receipt of submissions of counsel and hearing oral arguments, the court holds that the settlement agreement should be enforced and the case dismissed with prejudice.

In Ala. Code § 34-3-21 (1991), set forth below, an attorney has the power to bind his client:

> An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.

In the instant case, the record shows that acceptance of the offer was communicated by letter of August 1, 1997.

The fact that the stipulation of dismissal was not signed has no bearing. Section 34-3-21 does not require that the settlement agreement be signed by all parties. In discussing this code section, the court in *Beverly v. Chandler*, 564 So. 2d 922, 923 (Ala. 1990), determined that agreements made in settlement of litigation are as binding on the parties as any other contracts are. The court quoted the following material:

> Section 34-3-21, Code of Alabama 1975, as amended, vests in an attorney authority to bind his or her

3

> client in all matters that relate to the cause, including the right to settle all questions involved in the case. Such agreements are not only authorized, but encouraged, to promote justice and fair dealing and to terminate properly or prevent litigation.

*King v. Travelers Ins. Co.*, 513 So. 2d 1023 (Ala. 1987) (quoting *Brocato v. Brocato*, 332 So. 2d 722 (Ala. 1976)). *See, Spurlock v. Pioneer Financial Services, Inc.*, 805 F. Supp. 782, 783 (M.D. Ala. 1992) (Section 34-3-21 of the Alabama Code does not require a settlement agreement to be signed by the parties.).

In the case at bar, counsel for FFS approached Altec, through its attorney, and proposed to "walk away from the claim" if Altec would do so." Mr. Palmer conveyed Altec's agreement in writing to Ms. Segers--a writing reflecting a definite meeting of the minds. Furthermore, the parties notified the court an "agreed settlement" had been reached, further evidencing a meeting of the minds. Had the defendant believed that a counteroffer had been made, as claimed, counsel would not have participated in the reported settlement to the court. Competent attorneys bound their clients to a settlement. Accordingly, the settlement entered into by the attorneys is a binding one.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 23rd day of September 1997.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4